THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE HARRIS, JR., Defendant-Appellant.

Second District    No. 80-196

Opinion filed May 22, 1981.

Mary Robinson and Marilyn Martin, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

In an amended information filed in the Circuit Court of Winnebago County on August 15, 1978, the defendant, George Harris, Jr., was charged with theft of use of property in violation of section 16—3(b) of the Illinois Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 16—3(b)). After a bench trial, held on November 27, 1978, the defendant was convicted as charged, and subsequently sentenced to a term of probation with the condition that he pay restitution.

Defendant executed an agreement providing for the rental of a 1978 Ford Fairmont from Frontier Ford, Inc., in Rockford between March 9 and March 15, 1978. The rental manager at Frontier Ford, Cynthia Walker, testified that Harris told her no other person would be driving the car but himself, and the rental agreement, which was admitted into evidence, reflected that statement. Beverly Jones, who defendant testified was his sister-in-law, was listed on the agreement as a local contact. The contract indicated that it was extended on March 15 to March 20, 1978, and next to this notation are the initials "B.J." Ms. Walker was not present on the date of the extension and testified that she did not know which of her employees handled the matter.

The car was not returned on March 20, and Ms. Walker testified that she sent defendant a written demand for return of the car within 72 hours dated March 21, 1978. The letter was sent by certified mail to the address given by defendant on the rental agreement.

Ms. Walker testified that the letter was returned to her with the envelope bearing markings which appeared to represent attempts by the post office to forward. Ms. Walker testified that she never saw nor spoke directly to defendant after March 8, although she tried "to contact him many times" apparently by telephone. She also stated that she tried to telephone Beverly Jones at the telephone number which defendant gave on the contract and "never could reach her."

The vehicle was recovered from a parking lot on May 2, 1978. It was damaged, and the cost of repairs was $981. Defendant was not present at the time the car was discovered; fingerprint examination of the vehicle was inconclusive.

The defendant testified that he had rented the car at the request of Beverly Jones whose driver's license was expired. Harris stated that he gave her the keys on March 9 and never drove nor saw the car again. When he saw Ms. Jones "quite some time afterwards" she told him she had changed the car into her own name. Defendant testified that he never received any letters from Frontier Ford and that he thought the car had been returned by Ms. Jones. The defendant stated he had moved in April or May 1978 from the address listed on the rental contract to another Rockford address where he resided at the time of trial.

The defendant's wife, Gail Harris, testified that they had moved March 18, 1978, and that Beverly Jones had exclusive possession of the vehicle in question. A personal friend of the defendant's, Michael Anderson, testified that Beverly Jones was driving the car in March, April, and May 1978, and that he had never seen the defendant in possession of the vehicle.

The trial court found that the State had proved the elements of theft of use of property and found the defendant guilty. Defendant was sentenced to 18 months probation and as a condition of probation was required to make restitution of $731.58. He appeals.

The initial question is whether the demand requirement of section 16—3(b) was fulfilled. Section 16—3(b) states:

"A person commits theft when after renting or leasing a motor vehicle under an agreement in writing which provides for the return of the vehicle to a particular place at a particular time, he fails to return the vehicle to that place within the time specified, and is thereafter served with a written demand, or upon whom oral demand is thereafter personally made, to return such vehicle within 72 hours from the time of the service or personal communication of such demand, and who wilfully fails to return the vehicle to any place of business of the lessor within such period." Ill. Rev. Stat. 1977, ch. 38, par. 16—3(b).

The State contends that Frontier Ford's attempts at demand were sufficient. It argues that the demand requirement of section 16—3 should not be construed more stringently than the demand provision of section 16—1.1. The latter provides:

"It shall be prima facie evidence that a person 'knowingly obtains or exerts unauthorized control over property of the owner' when a lessee of the personal property of another fails to return it to the owner within 30 days after written demand from the owner for its return. A notice in writing, given after the expiration of the leasing agreement, addressed and mailed, by registered mail, to the lessee at the address given by him and shown on the leasing

agreement shall constitute proper demand." Ill. Rev. Stat. 1977, ch. 38, par. 16—1.1.

On the other hand, defendant asserts that the phrase "served with a written demand" means that service requirements for acquiring personal jurisdiction of a defendant in a civil action are to be superimposed on this criminal statute. There are no cases on point.

We conclude that if the legislature had intended that the procedure for making written demand pursuant to section 16—1.1 be sufficient for the imposition of liability under section 16—3, then it could easily have drafted the statute in the same terms. Moreover, the drafters chose to insert the phrase "*served* with a written demand" (emphasis added) into section 16—3. We think the legislature intended to require more than a mere perfunctory mailing, even though certified, which admittedly did not reach the defendant in this case. This view is supported by examination of the next clause in the statute, *i.e.*, "or upon whom oral demand is thereafter personally made." The wording of the statute requires that the defendant have knowledge of a demand.

Therefore in the case at bar it being admitted that the defendant did not actually receive notice to return the vehicle "by being served with a written demand" nor upon whom oral demand was personally made, he is not liable under section 16—3(b) (Ill. Rev. Stat. 1977, ch. 38, par. 16—3(b)). Our disposition of this argument makes unnecessary any discussion of defendant's argument that the State failed to prove wilfull failure to return the vehicle.

Therefore the judgment of the Circuit Court of Winnebago County is reversed.

Reversed.

NASH and HOPF, JJ., concur.